UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HARRAH'S ENTERTAINMENT, INC., and SOUTHERN ILLINOIS RIVERBOAT/CASINO CRUISES, INC. d/b/a Players Island Casino,<br><br>Plaintiffs,<br><br>v.<br><br>NEW HAMPSHIRE INSURANCE COMPANY and AIG CLAIMS SERVICES, INC.,<br><br>Defendants. | Case No. 04-cv-4204-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of defendants New Hampshire Insurance Company ("New Hampshire") and AIG Claims Services, Inc., now known as AIG Domestic Claims, Inc. ("AIG") to dismiss the Amended Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 26). Plaintiffs Harrah's Entertainment, Inc. ("Harrah's"), and Southern Illinois Riverboat/Casino Cruises, Inc. d/b/a Players Island Casino ("Players") have responded to the motion (Doc. 29), and the defendants have replied to that response (Doc. 30).

**I.      Standard for Dismissal**

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts all allegations as true and draws all reasonable inferences in favor of the plaintiff. *Brown v. Budz*, 398 F.3d 904, 908 (7th Cir. 2005); *Holman v. Indiana*, 211 F.3d 399, 402 (7th Cir. 2000). The Court should not grant a motion to dismiss unless it appears beyond doubt that the plaintiff cannot prove his claim under any set of facts consistent with the complaint. *Brown*, 398 F.3d at 908-09; *Holman*, 211 F.3d at 405. "[I]f it is possible to hypothesize a set of facts, consistent with the complaint,

that would entitle the plaintiff to relief, dismissal under Rule 12(b)(6) is inappropriate." *Brown*, 398 F.3d at 909 (internal quotations omitted).

Generally, courts will not grant a motion to dismiss merely because the complaint is vague or lacking in detail so long as it pleads "the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver,* 286 F.3d 437, 439 (7th Cir. 2002); *see Brown*, 398 F.3d at 908; *Strauss v. City of Chicago*, 760 F.2d 765 (7th Cir. 1985). A complaint does not fail to state a claim merely because it does not set forth a complete and convincing picture of the alleged wrongdoing. *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998); *American Nurses' Ass'n v. Illinois*, 783 F.2d 716, 727 (7th Cir. 1986). Nor must it allege all, or any, of the facts logically entailed by the claim. *Higgs,* 286 F.3d at 439; *Bennett*, 153 F.3d at 518; *American Nurses'*, 783 F.2d at 727. Nonetheless, the complaint must provide a short and plain statement of the claim sufficient to fairly put the defendant on notice of the claim and its basis. *Leatherman v. Tarrant Co. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993); *Brown*, 398 F.3d at 908; *see also* Fed. R. Civ. P. 8(a).

**II.     Allegations in Amended Complaint**

The allegations in the Amended Complaint establish the following facts for the purposes of this motion.

This case stems from an insurance policy ("the Policy") issued by New Hampshire, an insurance company, to Harrah's, the owner of a casino in Metropolis, Illinois, and the aftermath of an incident at the casino on July 27, 2000. Players assists Harrah's in the operation of the Metropolis casino and is an additional insured on the Policy. The Policy provides coverage for personal injury claims brought under the Jones Act, 46 App. U.S.C.A. § 688, the federal statute that allows seamen employed by vessels in navigation to sue their employers for personal

injuries, but excludes coverage for workers' compensation claims.  The Policy also provides that New Hampshire will provide a defense to potentially covered claims but retains the right to control that defense.  Finally, the Policy provides that the insured is liable for the first $25,000 of each "occurrence."

On July 27, 2000, the casino's newly-installed air conditioning duct insulation malfunctioned.  As a consequence, numerous casino employees inhaled noxious fumes and suffered injuries.  The injured employees filed a lawsuit against Players alleging claims under the Jones Act, which would have triggered liability under the insurance policy had the injured employees prevailed.  Harrah's and Players reported the claims to New Hampshire through AIG, New Hampshire's claims administrator, and New Hampshire hired attorney Ronald E. Fox ("Fox") to represent Players in the underlying lawsuit.  New Hampshire indicated to the plaintiffs that if the injuries were covered by the Policy, it would construe each employee's claim as a separate "occurrence" such that the plaintiffs would be liable for the first $25,000 of each employee's injury claim.

In the underlying lawsuit, on the instruction of New Hampshire, Fox advanced the position that the employees were not covered by the Jones Act because the casino was permanently moored to a dock and was therefore not "in navigation" for Jones Act purposes.  This argument reflected a departure from the plaintiffs' and defendants' course of dealing under which all had agreed that, and acted as if, casino employees were covered by the Jones Act and therefore by the Policy.  Fox's position was also potentially detrimental to Players' financial interests.  Were this new argument regarding the applicability of the Jones Act to prevail, New Hampshire would have been relieved of liability under the Policy, and Players would have been exposed to significant workers' compensation liability for employees' injuries because Players

was essentially self-insured up to $500,000 per claim.

The District Court rejected Fox's Jones Act theory in the underlying litigation but certified the question for immediate appeal to the United States Court of Appeals for the Seventh Circuit. While the case was on appeal, the plaintiffs in this case urged newly named appellate counsel James T. Ferrin ("Ferrin"), Fox, AIG and New Hampshire to dismiss the appeal because success on the appeal would expose Players to workers' compensation liability that would otherwise be covered by the Policy. Through AIG, New Hampshire made offers to the plaintiffs that included a promise to pay workers' compensation costs in this case in exchange for an agreement to pursue the appeal to its conclusion, but the plaintiffs did not accept any offer before the Court of Appeals made its ruling. The Court of Appeals adopted the argument put forward by Fox and Ferrin and held that the casino employees were not covered by the Jones Act. As a consequence, the plaintiffs incurred damages in the form of workers' compensation claims that New Hampshire is not obligated to pay under the plain language of the Policy and that the plaintiffs would not have had to pay if the claims in the underlying litigation had been covered by the Jones Act.

The plaintiffs filed this lawsuit on October 5, 2004, and amended their complaint on November 5, 2004. The defendants moved to dismiss the Amended Complaint on April 4, 2005. The Court will address each of the defendants' arguments in turn.

**III.   Analysis**

    A.    <u>Notice of Claims</u>

The defendants first object that the plaintiffs' Amended Complaint does not meet even the minimal federal notice pleading requirements because they are unable to understand the gravamen of the claims against them. The Court agrees that the Amended Complaint is not a

model of clarity. However, as the Amended Complaint is clarified by the plaintiffs' response to the motion to dismiss, the Court believes it does contain sufficient facts to put the defendants on notice of the claims so that they can file an answer. To facilitate the orderly management of future proceedings in this case, and in accordance with the objective of Federal Rule of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to enumerate the claims and theories in the plaintiffs' Amended Complaint into numbered counts as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

      **Count 1:**    Breach of contract to provide a defense.

      **Count 2:**    Bad faith failure to settle employees' personal injury claims.

      **Count 3:**    Breach of fiduciary duty in providing a defense.

      **Count 4:**    Declaratory judgment action for declaration that all employees' personal injury claims constitute a single covered occurrence.

All claims are pled against both defendants. The plaintiffs seek compensatory, punitive, injunctive and declaratory relief.

Should the plaintiffs take issue with the Court's characterization of the claims they intend to assert, they may petition the Court for leave to further amend their pleading. In the meantime, the Court will proceed assuming that the plaintiffs assert the foregoing claims and theories.

    B.    <u>Count 1</u>

The plaintiffs have sufficiently pled a claim for breach of the contract to provide a defense as it is brought against New Hampshire but not against AIG.

The defendants argue that the plaintiffs have not sufficiently pled that they have satisfied

all their obligations under the Policy, that the defendants have breached the Policy, and that the plaintiffs have suffered damages as a result of the breach. However, under federal notice pleading standards, a plaintiff need not plead facts to support each element of a claim or theory as long as he puts the defendant fairly on notice of what his claim is. *See Shah v. Inter-Continental Hotel Chicago Operating Corp.,* 314 F.3d 278, 282 (7th Cir. 2002) ("The civil rules . . . establish a system of notice pleading. The plaintiff is not required to plead facts or legal theories or cases or statutes, but merely to describe his claim briefly and simply."); *Head v. Chicago Sch. Reform Bd. of Trustees*, 225 F.3d 794, 801 (7th Cir. 2000) (a federal plaintiff is not required to "plead[ ] sufficient facts to establish the legal elements of his claim.").

In this case, the Amended Complaint is sufficient to put New Hampshire on notice that the plaintiffs are accusing it of failing to act in good faith when exercising its duty to defend Players in the employees' lawsuit, thereby breaching the promise to defend. A covenant of good faith and fair dealing is implied in all contracts. *Cromeens, Holloman, Sibert, Inc v. AB Volvo*, 349 F.3d 376, 395 (7th Cir. 2003) (citing *Northern Trust Co. v. VIII South Michigan Assoc.*, 657 N.E.2d 1095, 1104 (1995)). "The covenant requires a party vested with broad discretion to act reasonably and not arbitrarily or in a manner inconsistent with the reasonable expectations of the parties." *Cromeens*, 349 F.3d at 395 (citing *Northern Trust*, 657 N.E.2d at 1104). While there is no independent cause of action for violation of the covenant of good faith and fair dealing, the covenant will be used as a construction aid to determine the intent of the parties as reflected in the contract – in this case, the promise to provide a defense. *See Perez v. Citicorp Mortg., Inc*. 703 N.E.2d 518, 525 (Ill. App. Ct. 1998) (citing *Resolution Trust Corp. v. Holtzman*, 618 N.E.2d 418, 424 (Ill. App. Ct. 1993)).

The Amended Complaint alleges that New Hampshire is contractually obligated to

provide a defense to Players but that in doing so it failed to exercise its duty of good faith and fair dealing because it took a legal position contrary to Players' financial interests. The Amended Complaint suggests that this is inconsistent with the reasonable expectation of the parties when they entered into the agreement to defend and that such action therefore constitutes a breach of the promise to defend. It further alleges that as a consequence of the litigation position New Hampshire asked Fox and Ferrin to take, the plaintiffs incurred workers' compensation liability that it would not have incurred had the claims been covered under the Jones Act. New Hampshire has not convinced the Court that those allegations are insufficient to satisfy federal notice pleading standards. Therefore, dismissal of Count 1 against New Hampshire is not warranted on the basis of deficient pleading.

On the other hand, there are no allegations sufficient to alert AIG to any viable breach of contract claim against it. An essential element of a breach of contract claim is the existence of a contract obligating the defendant to perform. *Gallagher Corp. v. Russ*, 721 N.E.2d 605, 611-12 (Ill. 1999). In this case, there is no indication that AIG had any contract with either plaintiff that obligated it to provide a litigation defense, and it is clear that the complaints the plaintiffs raise arise solely from the Policy, to which AIG is not a party. The plaintiffs do not contest this conclusion in its response to the motion to dismiss. Thus, the Court finds that the plaintiffs cannot prevail on Count 1 against AIG under any set of facts consistent with those stated in the Amended Complaint, and the Court will dismiss Count 1 against AIG.

C. Count 2

The Amended Complaint is also sufficient to inform New Hampshire that the plaintiffs are accusing it of bad faith failure to settle the casino employees' claims. The duty of good faith and fair dealing discussed earlier requires an insurer to give the insured's interests at least equal

consideration to its own when deciding whether to settle a claim. *Cernocky v. Indemnity Ins. Co.*, 216 N.E.2d 198, 204 (Ill. App. Ct. 1966); *compare Adduci v. Vigilant Ins. Co.,* 424 N.E.2d 645, 650 (Ill. App. Ct. 1981) (the insurer is not required to disregard its own interest in favor of its insured's interests). An insurer can be liable in tort if it refuses to settle a claim against its insured within the policy limits and where the insurer did not exercise good faith. *Cernocky*, 216 N.E.2d at 204.

The Amended Complaint faults New Hampshire for failing to settle the casino employees' claims when they were presented as Jones Act claims and instead choosing to contest those claims on legal grounds in the underlying litigation. The defendants have not convinced the Court that these allegations do not sufficiently state a claim for bad faith failure to settle, and the Court cannot dismiss the plaintiffs' bad faith claim against New Hampshire.

As for AIG, as with Count 1, the Amended Complaint does not alert AIG to any viable claim against it for bad faith failure to settle. All bad faith accusations in the complaint revolve around New Hampshire's promise in the Policy to cover certain claims against the plaintiffs. AIG simply acted as New Hampshire's agent in those dealings and cannot be liable under principles of agency law for New Hampshire's alleged failure to provide coverage. Furthermore, there is no suggestion that AIG independently promised to cover the plaintiffs' employees' personal injury claims such that it could have an independent duty of coverage to the plaintiffs. For these reasons, the plaintiffs claims against AIG must be dismissed.

D. <u>Count 3</u>

The defendants argue that the plaintiffs have not sufficiently pled that a fiduciary duty exists, that it was breached and that the breach caused any damages. They further contest that a fiduciary duty could exist between an insured and its insurer, much less the claims agent of its

insurer, under Illinois law. The plaintiffs, on the other hand, argue that such a fiduciary duty does exist under Illinois law and under the laws of other states that may apply to this cause of action.

Under Illinois law, it is clear that no fiduciary duty arises between an insurer and its insured simply by virtue of the fact that an insurance relationship exists. *Martin v. State Farm Mut. Auto. Ins. Co.*, 808 N.E.2d 47, 51 (Ill. App. Ct. 2004). However, a fiduciary duty may arise from the special circumstances of the relationship between the insurer and the insured where the insured places trust and confidence in the insurer such that the insurer is in a position of influence and superiority over the insured. *Id.* at 52. This can occur when an insured assumes a duty to defend its insured and to consider the insured's interests in that defense. *See Douglas v. Allied American Ins.*, 727 N.E.2d 376, 382 (Ill. App. Ct. 2000); *see also Craft v. Economy Fire & Cas. Co.*, 572 F.2d 565, 569 (7th Cir. 1978) (applying Indiana law; "It is this control of the litigation by the insurer coupled with differing levels of exposure to economic loss which gives rise to the 'fiduciary' nature of the insurer's duty.").

In this case, the plaintiffs have sufficiently alleged that a fiduciary relationship existed between New Hampshire, as the party controlling Players' defense in the underlying lawsuit, and the plaintiffs, who were obligated by the Policy to place their trust and confidence in New Hampshire to conduct that defense with Players' interests in mind. The Amended Complaint clearly alleges that New Hampshire advanced litigation positions detrimental to the plaintiffs in violation of this fiduciary duty and that the plaintiffs' suffered damages as a consequence. This is sufficient under federal notice pleading standards. As for AIG, there is simply no basis for finding that AIG was acting in any other capacity than as an agent for New Hampshire. In that capacity, it did not assume an independent fiduciary duty to the plaintiffs.

Because it is possible that the plaintiffs can prevail against New Hampshire on a breach of fiduciary claim under Illinois law based on a set of facts consistent with those pled in the Amended Complaint, the Court sees no need to address the viability of such a claim under the laws of other states. As for the plaintiffs' claims against AIG, the Court has found no precedent for finding an independent fiduciary relationship between an insured and the agent of an insurer obligated to defend it. For these reasons, the Court will dismiss the plaintiffs' breach of fiduciary duty claims against AIG but not those against New Hampshire.

E.    Count 4

In Count 4, the plaintiffs seek a declaration that all of the casino employees' injury claims are a single covered occurrence. The defendants argue that the Court does not have subject matter jurisdiction to make such a declaration because there is no justiciable case or controversy. They fault the plaintiffs with failing to plead the details and status of the underlying claims and the liability incurred by the plaintiffs as a result of those claims.

The Declaratory Judgment Act ("the Act"), 28 U.S.C. § 2201, states, in pertinent part: "In a case of actual controversy within its jurisdiction. . . , any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." § 2201(a). However, a court may not use its discretion to issue a declaration under the Act where there is no "actual controversy" between the parties. *Id.* The Act's language "tracks the 'cases' or 'controversies' requirement of Article III, [and] saves the statute from unconstitutionally expanding the federal courts' jurisdiction." *Deveraux v. City of Chicago*, 14 F.3d 328, 330-31 (7th Cir. 1994) (internal quotations omitted).

It is often difficult to determine whether an actual controversy exists; the distinction between a "controversy" and an abstract question of law is one of degree. *Id.* at 330 (citing *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). Consequently, there is no precise test for determining if a complaint presents a controversy in the constitutional sense, and each case must be considered on its own facts. *Id.* However, the Supreme Court has given guidance as to when such a controversy exists:

> The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. . . . It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical set of facts.

*Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937). Generally, no actual controversy exists between an indemnitor and an indemnity until the indemnitee is found liable for the underlying claims. *See Cunningham Bros., Inc. v. Bail*, 407 F.2d 1165, 1169 (7th Cir. 1969); *Travelers Indem. Co. v. Standard Acc. Ins. Co.*, 329 F.2d 329, 332 (7th Cir. 1964) (same; no case or controversy until indemnitee found liable).

In this case, the Amended Complaint alleges that the plaintiffs have incurred monetary damages because New Hampshire takes the position that the Policy does not cover the casino employees and that, even if it did cover the employees, each injury would be a separate occurrence triggering the plaintiffs' obligation to pay the first $25,000 of each employee's claim. The plaintiffs believe that New Hampshire should be estopped from denying coverage and that New Hampshire's interpretation of "occurrence" within the policy is erroneous. These allegations clearly describe a concrete injury suffered by the plaintiffs and a real and substantial controversy about whether and to what extent New Hampshire is currently obligated to indemnify them. Thus, the Amended Complaint sufficiently pleads an actual case or controversy

giving the Court jurisdiction to make the requested declaration.  The Amended Complaint does not, however, plead any actual case or controversy against AIG, who simply serves as New Hampshire's agent.  Accordingly, the Court will dismiss Count 4 against AIG.

To the extent that the plaintiffs request injunctive relief, that request does not constitute a cause of action that must be, or should be, pled separately.  The plaintiffs will have an opportunity to make the showing required to justify an injunction at a later point in this case.

### IV.     Conclusion

For the foregoing reasons, the Court **GRANTS in part** and **DENIES in part** the defendants' motion to dismiss (Doc. 26).  The Court **GRANTS** the motion to the extent that it seeks to dismiss claims in this case against defendant AIG, **DISMISSES** those claims **without prejudice**, and **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.  AIG is terminated from this case.  The Court **DENIES** the motion to the extent that it seeks to dismiss claims against defendant New Hampshire.

**IT IS SO ORDERED.**
**DATED:  September 27, 2005**

>                                s/ J. Phil Gilbert
>                                **J. PHIL GILBERT**
>                                **DISTRICT JUDGE**