UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HARRAH'S ENTERTAINMENT, INC., and SOUTHERN ILLINOIS RIVERBOAT/CASINO CRUISES, INC. d/b/a Players Island Casino,<br><br>    Plaintiffs,<br><br>    v.<br><br>NEW HAMPSHIRE INSURANCE COMPANY and AIG CLAIMS SERVICES, INC.,<br><br>    Defendants. | Case No. 04-cv-4204-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion for reconsideration (Doc. 48) filed by plaintiffs Harrah's Entertainment, Inc. and Southern Illinois Riverboat/Casino Cruises, Inc. d/b/a Players Island Casino. In that motion, they ask the Court to reconsider its order of September 27, 2005, granting in part the defendant's motion to dismiss. Defendant New Hampshire Insurance Company ("New Hampshire") has responded to the plaintiffs' motion (Doc. 51), and the plaintiffs have replied to that response (Doc. 58).

The plaintiffs argue that defendant AIG Claims Services, Inc. ("AIG") assumed duties to the plaintiffs by directing the underlying litigation around which this case centers and that AIG acted outside its role as agent of New Hampshire. They also argue that AIG has been negligent in not observing the ordinary duty of care not to injure third parties and that AIG is liable even as an agent because it actively took part in violating New Hampshire's duties toward the plaintiffs. *See Landau v. Landau*, 101 N.E.2d 103, 108 (Ill. 1951).

New Hampshire's response essentially argues that the Court should not consider the plaintiffs' arguments at this stage because they could have and should have raised them in

response to the defendants' original motion to dismiss.

Reconsideration of a court's ruling is not expressly authorized by the Federal Rules of Civil Procedure and is conducted at the discretion of the court. Courts have recognized that occasionally they misunderstand the parties and make errors of fact or of law. Parties should be allowed to bring such errors to the court's attention to give the court the opportunity to correct them.

In this case, nothing the plaintiffs argue establishes that the Amended Complaint has pled any cause of action against AIG. A careful review of the Amended Complaint reveals essentially no allegations against AIG, and certainly not enough to put AIG on notice of the gravamen of any claim against it. The Court's September 27 order acknowledged as much by dismissing the plaintiffs' claims against AIG *without prejudice*. If the plaintiffs wish to assert claims against AIG under any of the theories raised in their motion to reconsider, they may seek leave to amend their complaint under Federal Rule of Civil Procedure 15(a). The Amended Complaint, however, simply alleges no such claims, and the Court will therefore not reconsider its September 27 order. For this reason, the Court **DENIES** the plaintiffs' motion to reconsider (Doc. 48). Should the plaintiffs seek leave to amend their complaint again, the Court expects them to plead their causes of action more clearly in their proposed amended pleading than in the Amended Complaint.

**IT IS SO ORDERED.**
**DATED: February 6, 2006**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**