IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HARRAH'S ENTERTAINMENT, INC. ) <br> and SOUTHERN ILLINOIS RIVER- ) <br> BOAT/CASINO CRUISES, INC. ) <br> D/B/A PLAYERS ISLAND CASINO, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> NEW HAMPSHIRE INSURANCE ) <br> COMPANY and AIG CLAIMS ) <br> SERVICES, INC., ) <br> ) <br> Defendants. ) | CASE NO.: 04-cv-4204-JPG |

**AMENDED MEMORANDUM AND ORDER**

This matter comes before the Court on the stipulation for dismissal with prejudice and without costs filed by plaintiffs Harrah's Entertainment, Inc. and Southern Illinois Riverboat/Casino Cruises Inc. d/b/a Player's Island Casino and defendant New Hampshire Insurance Company (Doc. 66). The Court notes that pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii), a stipulation for dismissal must be signed by all parties who have appeared in the action. However, defendant AIG Claims Services, Inc. n/k/a AIG Domestic Claims, Inc. ("AIG"), has appeared in this action but has not signed the stipulation. Therefore, the Court is inclined to construe the stipulation as an agreed motion to dismiss with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2), which, if granted, would result in claims against defendant New Hampshire Insurance Company being dismissed with prejudice and those against AIG remaining dismissed without prejudice. However, a footnote in the stipulation suggests that the plaintiffs wish to dismiss their claims against AIG with prejudice as well. The only obstacle to this result is the absence of AIG's signature to the stipulation.

In the event that all parties to this case indeed intend to dismiss all claims with prejudice, the Court will give the parties an opportunity to amend the stipulation. The Court **ORDERS** that AIG shall have up to and including June 16, 2006, to file a supplement to the stipulation indicating its intention to join it, if appropriate. If no supplement is filed, the Court will construe the stipulation as a motion to dismiss with prejudice pursuant to Rule 41(a)(2) and will dismiss with prejudice only the claims against defendant New Hampshire Insurance Company. The claims against AIG will remain dismissed without prejudice, and the final judgment in this case will so indicate.

**SO ORDERED AND ADJUDGED, this, the 7th day of June, 2006.**

                                                  s/ J. Phil Gilbert
                                                  **U.S. DISTRICT JUDGE**